John REAGAN v. STATE. (No. 11561.) Court of Criminal Appeals of Texas. Oct. 17, 1928. On Motion for Rehearing, Nov. 21, 1928.

Elmo Johnson, of Galveston, for appellant. D. B. MacInerney, Co. Atty., of Galveston, and A. A. Dawson, State's Atty., of Austin, for the State.

CHRISTIAN, J. The offense is aggravated assault; the punishment a fine of $250 and six months' confinement in jail. No bills of exception appear in the record. The statement of facts was filed too late, and cannot be considered by this court. No error appearing, the judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

LATTIMORE, J. Notice of appeal in this case was given July 30th. The 90 days allowed for filing statement of facts expired October 28th. The statement of facts was filed on November 19th, 3 weeks too late for consideration under the statute of this state. Code Cr. Proc. 1925, art. 760. Appellant advances four reasons why the court ought to consider said statement of facts, even though admittedly it was filed too late. None of these grounds involve any negligence or fraud on the part of any official of the state. The reasons advanced by appellant for failure to have said statement of facts filed in time consisted wholly of the acts of the attorney selected by appellant himself as his representative. We are sorry that we cannot consider the statement of facts, but the law must be upheld. The motion for rehearing is overruled.

---

C. H. SCHMALL v. STATE. (No. 12164.) Court of Criminal Appeals of Texas. Oct. 10, 1928.

W. D. Howe, Judge. A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J. Offense, embezzlement; penalty, five years. The record is without any bills of exception or statement of facts, and presents nothing for review. The judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

---

Robert SCOTT v. STATE. (No. 12226.) Court of Criminal Appeals of Texas. Nov. 14, 1928.

Ben F. Dent, Judge. Seale & Denman, of Nacogdoches, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J. The offense is passing a forged instrument; punishment fixed at confinement in the penitentiary for a period of two years. The indictment appears regular. A plea of guilty was entered. The record is before us without statement of facts or bills of exceptions. The judgment is affirmed.

---

Z. SEPEDA v. STATE. (No. 11922.) Court of Criminal Appeals of Texas. Nov. 7, 1928.

Frank W. Steinle, of Pearsall, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for possessing intoxicating liquor; punishment, one year in the penitentiary. The record is here without any bills of exception. The facts seem ample to support the verdict and judgment. Appellant's motion for new trial was overruled February 17, 1928, and by order 80 days was allowed in which to file bills of exception. On May 10, 1928, appellant was granted an extension of time in which to file such bills. This extension order was made 83 days after the overruling of the motion for new trial and the entry of notice of appeal. The court was without power to enter the extension order after the expiration of the time granted under the first order. Attention is called to this, in view of the fact that the courts seem so often to overlook this holding. No error appearing, the judgment will be affirmed.

---

R. C. TIPTON v. STATE. (No. 11958.) Court of Criminal Appeals of Texas. Nov. 7, 1928.

H. H. Sagebiel, of Fredericksburg, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for burglary; punishment, two years in the penitentiary. The record is before us without statement of facts or bills of exception. The indictment sufficiently charges the offense, and is followed by the charge of the court, the judgment, and sentence. No error appearing, the judgment will be affirmed.